GARDNER *v.* State.*

(Division B.   Dec. 6, 1926.)

[110 So. 588.   No. 25911.]

INTOXICATING LIQUORS. *Information, given ninety days before, held not reason to believe liquor in car, justifying search without warrant (Laws 1924, chapter 244).*

Officer did not have reason to believe that liquor was being trans-
ported in defendant's car, constituting sufficient probable cause
for its search without a warrant under Laws 1924, chapter 244,
merely because another told him ninety days before that when-
ever defendant came to town at the time of night at which search
was made he had liquor in his possession, and that informant
had bought a bottle of defendant some time in the past.

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 679, .n.
51 New.

APPEAL from circuit court of Humphreys county.
HON. S. F. DAVIS, Judge.

S. W. Gardner was convicted of possession of liquor,
and appeals. Reversed and remanded.

*Blackwell & Reed,* for appellant.

The only question presented for the decision of this
court is whether the search of appellant's automobile
was reasonable and supported by probable cause. Sec-
tion 23, Constitution of Mississippi; section 2, chapter
244, Laws of 1924; *Moore* v. *State,* 103 So. 483, 138
Miss. 116.

The facts in the case at bar are materially different
from the facts in the Moore case. In the instant case
the only information the officers had that intoxicating
liquor was being transported by appellant in his car at
the time of his search was the information given about
ninety days previous to the search by Charlie Moore to
the effect that whenever appellant was in Belzoni at or
about twelve o'clock at night, he was transporting
whiskey.

If the officers could wait three months and then act
upon the information, why could they not wait six months
or one year? To hold that the search of appellant's car
was reasonable and based upon probable cause would
open the gates to a species of petty tyranny, because an
officer disposed so to do could upon the vaguest and most
uncertain information stop a citizen's car at any time

and subject him to the indignities of a search. The court below erred in admitting the testimony of the officers relative to the search of appellant's car.

This cause should be reversed and the appellant discharged.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The only question here is whether the search of appellant's car was reasonable and supported by probable cause. J. D. Purvis, sheriff of Humphreys county, testified that Charley Moore was a reliable man and a credible person; that he had information from said Moore that the appellant had liquor in his possession; that he believed this information was true; that the information given him by Moore was as follows: "Mr. Moore told me, 'Any time you find Mr. Gardner in Belzoni from twelve o'clock on, he is delivering whisky;' and I said, 'How do you know?' and he said, 'Because he delivered me some.'"

This information was received by the sheriff some sixty or ninety days prior to the time the search was made, and during the sixty or ninety days the sheriff had obtained several search warrants on said information; but had been unable to find Gardner when he had a search warrant.

In *McNutt* v. *State,* 108 So. 721, following the *Moore* case, 103 So. 483, this court held: "What is probable cause and the sufficiency of the evidence to constitute probable cause are judicial questions to be determined by the court."

"Information and belief have always been considered sufficient probable cause to justify a search and seizure, and was so held by this court in *State* v. *Quintani,* 76 Miss. 498; *Loeb* v. *State,* 133 Miss. 883." *Bufkin* v. *State,* 134 Miss. 1.

The search of appellant's car was reasonable and based upon probable cause; and this court should affirm the judgment of the lower court.

*E. O. Sykes,* in reply, for appellant.

From a reading of chapter 244, Laws of 1924, relating both to search warrants and searches without warrants, it contemplates in each instance that the informant must have present information of a violation of the law and that the search and seizure must be made within a reasonable time after the information is received.

It would be unlawful and absolutely contrary to the intent and purpose of this act to issue a search warrant which was not to be served or executed for sixty or ninety days. Otherwise, officers could arm themselves with these long time search warrants and execute them at their good will and pleasure, which would be intolerable to the citizenship and violative of the constitution.

Section 2 of this act, under which this automobile was attempted to be searched, deals only with liquor which is being transported at the time the information is given. It merely means that the law violater is now transporting this liquor and will probably reach your community within a short while and, therefore, you must be on the lookout for him. It does not mean that simply because a man violated the law sixty or ninety days before, you can search his automobile on this information for an indefinite period of time.

One of the reasons for the passage of this act was because officers would not have time to get search warrants for these moving vehicles. This reason does not apply, of course, in this case, because two or three months transpired between the information and the search.

The construction put upon this act in the *Moore case, supra,* and in *Chandler* v. *State,* 108 So. 723, are direct authorities for our construction of this act.

Argued orally by *E. O. Sykes,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

S. W. Gardner appeals from a conviction on a charge of having more than a quart of intoxicating liquor in his possession. The sole question to be determined on this appeal is whether or not the search of appellant's automobile by the officers, without a search warrant, was made upon probable cause; and, if not, then the liquor secured by the search and offered in testimony was incompetent evidence in the case, and the conviction must fail.

The search of appellant's automobile, in which the liquor was found, took place in the streets of Belzoni, about twelve o'clock at night. The officers had no search warrant, but relied upon information they had as furnishing probable cause, and thereby authorizing them to search the car without a warrant.

The only information the officers had that the appellant's car contained liquor was that, about ninety days before the night of the search of the automobile, one Charles Moore told the sheriff that appellant had intoxicating liquor in his possession whenever he came to Belzoni about twelve o'clock at night. He (Moore) said that he had bought a bottle from Gardner at some date in the past, and that that was the reason why he said Gardner would have liquor in his car whenever he came to Belzoni at midnight. Upon this remote and speculative statement of Moore the sheriff acting in searching the car without a search warrant.

We think the search was unauthorized under the law, and the evidence thus secured was incompetent in the case. It is true that an automobile may be searched without a warrant, but the officer making the search must have reason to believe, and does believe, that the car is transporting intoxicating liquor.

This court has held, in effect, in that regard, that there must be probable cause before search be made without a warrant. This is also in line with the views of the United States supreme court, and we do not think the officer in the case before us had good reason to believe, under chapter 244, Laws 1924, that the prohibition laws of the state were being violated by transporting liquor in the car at the time of the search. It does not appear that there was probable cause for the search, under the law.

Whenever an automobile is searched without a warrant, there must be reasonable belief or probable cause for the search. The information must be of the present, and the search and seizure made within a reasonable time after the information is received. In the case at bar the search was not made until about ninety days after the information had been given; and the information, as given, was rather uncertain and speculative, and we do not think that such information justified the search without a warrant, especially after such a length of time had elapsed after receiving it. Therefore there was not "sufficient probable cause to justify a search of the automobile without a warrant therefor." *Moore* v. *State,* 138 Miss. 116, 103 So. 483; *Chandler* v. *State,* 108 So. 723, 143 Miss. 312.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*