241 So.2d 355 (1970)
Richard W. BARKER
v.
STATE of Mississippi.
No. 45904.
Supreme Court of Mississippi.
November 16, 1970.
*356 Barnett, Montgomery, McClintock & Cunningham, Nolle T. Roberts, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
Appellant, Richard W. Barker, was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County for the crime of possession of marijuana. He was sentenced to serve a term of five years in the State Penitentiary and to pay a fine of $2,000. From this conviction he appeals. We reverse and render.
In the early morning hours of March 8, 1969, the police officers of the City of Jackson armed with a search warrant searched the residence of appellant. The only evidence upon which appellant was convicted was procured as a result of this search. At every appropriate stage of the proceeding appellant questioned the validity of the search warrant. He contended in the trial court that the warrant was issued without probable cause and that the search was unreasonable and in violation of his rights under the Fourth Amendment of the Constitution of the United States and Mississippi Constitution, Article 3, Section 23 (1890).
One of the assignments of error on this appeal was that the trial court was in error in overruling appellant's objection to the introduction in evidence of the affidavit and search warrant and the evidence secured thereunder for the reason there was not probable cause for the search as required by the Fourth Amendment to the Constitution of the United States and Mississippi Constitution, Article 3, Section 23 (1890). This assignment brings into focus the question of whether the officers had probable cause sufficient to support the application for the search warrant as required by the decisions of the United States Supreme Court and the decisions of this Court.
In O'Bean v. State, 184 So.2d 635 (Miss. 1966), we pointed out that we are constrained to follow the decisions of the Supreme Court of the United States in regard to the standards that must be applied in determining probable cause under the Fourth Amendment. We also pointed out the standards required by Aguilar v. Texas, 378 U.S. 108, 84A S.Ct. 1509, 12 L.Ed.2d 723 (1964) required that the affidavit seeking a search warrant must contain sufficient underlying facts and circumstances from which a detached and neutral judge must ascertain that probable cause does exist for the issuance of the warrant. We also specifically overruled Mai v. State, 152 Miss. 225, 119 So. 177 (1928). Consequently, it is no longer the law of this state that the issuance of a search warrant is conclusive judicial finding of the magistrate of the existence of probable cause. Inquiry may now be made at the trial as to whether probable cause existed before the issuance of the search warrant. In Strode v. State, 231 So.2d 779 (Miss. 1970), we said:
The two-part test of Aguilar requires a magistrate to be informed of (1) some of the underlying circumstances from which the informer concluded that the defendant was the one guilty of the offense, and (2) some of the underlying circumstances from which the officer concluded that the informer was credible or his information reliable. In short, under the basis-of-knowledge test, the informer must have obtained his knowledge by personal observation or in some other dependable manner rather than through casual rumor. The second reliability test is an attempt to guard against tips provided by untruthful or unreliable informers, and suggests that an informer is credible if he has provided truthful tips in the past. Moreover, the information may be deemed reliable if corroborated by independent investigation. Both tests require only that some of the *357 underlying circumstances be sworn to. Furthermore, in Spinelli, the Court indicated that the basis-of-knowledge test could be fulfilled without a statement of the circumstances from which the informer derived his information; i.e., if a tip is sufficiently detailed, it may be self-verifying, and one may conclude that the informer was not relying on mere rumor. (231 So.2d at 783).
It is with the foregoing test in mind that we must examine the affidavit for the search warrant in this case to determine whether it was sufficient for the magistrate to reasonably find probable cause for the issuance of the search warrant in this case. The facts contained in the affidavit as grounds for the issuance of the search warrant are as follows:
We, the undersigned officers, received information from an informer that a friend of his son's, Wayne Barker, came to his home and wanted his son's address. Informer's son is in the Army stationed in Ft. Sill, Oklahoma. The informer was not at home at the time but his wife was and gave Wayne Barker the address of their son. While Barker was at his home he gave his wife three cigarettes, telling her they were marijuana, and asked her to try them. He further stated they were better than drinking because you would not get a hangover. Subject then told informer's wife that he was leaving for California. He left this address in a white Falcon.
The informer stated that he knew Wayne Barker and thought he lived at 1707 North West Street or 3940 Garland Avenue. He states that he knows his car and has seen it parked at both addresses.
At this time the informer turned over to the officers three cigarettes. They in turn were released to Mr. Patterson of the Jackson Crime Lab. Mr. Patterson analyzed these cigarettes and found them to be marijuana.
It is not contended that the officers brought to the attention of the magistrate any other information that they had which was considered by the magistrate in finding probable cause. Consequently, if probable cause existed it must be found from the foregoing statement.
Part I of the test, sometimes referred to as the basis-of-knowledge test, demands that the informer or the officer have obtained knowledge by personal observation or some other dependable means that an offense was being committed on the premises to be searched. In other words, in determining probable cause the magistrate's first question to the officers should have been, "How do you, or your informer, know that there is marijuana on these premises?" The statement of facts in this case only reflects that the appellant had in his possession at the home of the informer three marijuana cigarettes, some two weeks prior to the issuance of the search warrant. To say that the fact that appellant had on one occasion had marijuana in his possession at a place other than at his residence was sufficient knowledge to find probable cause existed to search his residence would be absurd. These facts raise no more than a mere suspicion that appellant might have marijuana at his residence without anything else to cause the suspicion to ripen into a judgment that a crime was being committed on the premises. Suspicion without anything more is not sufficient to constitute probable cause under any standard.
The statement of underlying facts in this case also fails to pass Part II of the test. If we assume that the laboratory tests showing the cigarettes to contain marijuana is sufficient corroboration to show that the informer was reliable, there is nothing in the statement of facts from which the magistrate could find that the informer's informer was reliable. One of the purposes for the test is to guard against tips provided by untruthful or unreliable informers. It may well be that the informer's wife is a reliable person but there *358 is nothing in the statement of underlying facts from which the magistrate could find that she was reliable. The crucial question is whether the appellant was the person who furnished her the cigarettes. She could have obtained them from other sources and for some reason told her husband that the appellant gave them to her. The officers made no independent investigation to determine whether she was reliable.
The underlying facts upon which the warrant was issued is likewise insufficient for a magistrate to find probable cause under our own constitutional standard. We have always followed the rule that the provisions for search and seizure are strictly construed against the state and in favor of the citizen. In Elardo v. State, 164 Miss. 628, 145 So. 615 (1933), an officer received information from an informer who told the officer that he, the informer, had information that a truck was stalled on a certain street with a load of illegal liquor. The officer, acting upon the information, went to the place and found the truck which he searched and discovered a large quantity of liquor. This Court held that the officer did not have probable cause to make the search. Although this was a search without a warrant, it was pointed out if the officer had appeared before an officer authorized to issue a search warrant that a warrant could not issue upon such information. In discussing the information furnished the officer this Court said:
There is wide difference between a person communicating to an officer something as a matter within the informant's own knowledge, and a communication to an officer of information which has been received from a third person. Where an informant states facts as facts purporting to be within his knowledge, and the officer, relying on the statement and the credibility of the informant, accepts the information as facts, he may act thereon.
It is manifest in the case before us that, had the deputy sheriff appeared before a justice of the peace, or other judicial officer authorized to issue warrants, and stated to such officer that Weaver had informed the deputy sheriff that Weaver understood, or had information, that liquor was in a certain place, such officer would not be authorized to issue a warrant on such hearsay information; and, where a warrant could not be issued upon information by a justice of the peace, the sheriff could not make a search without a warrant. In other words, his right to make a search without a warrant is never greater than it would be to obtain a warrant. If his information would not obtain a warrant, then he could not make a search without a warrant. (164 Miss. at 633, 634, 145 So. at 616).
In McGowan v. State, 184 Miss. 96, 185 So. 826 (1939), we reaffirmed what we had stated in Elardo, supra and said:
An officer undertaking to act without a warrant, upon such information, should inquire as to the source of knowledge, unless it has been stated affirmatively that the truth of the matter is personally known to the informant. As stated in Elardo v. State, supra, the officer cannot act upon less authentic proof or information than would be required in issuing a search warrant  the source of the information must be ascertained. If it turns out to be hearsay, the warrant should not be issued; and likewise, in the case of a search without warrant, it should not be acted upon. The protection of the citizen in this regard is secured by the Constitution, and the Constitution is the highest known law. No act prohibited by it can be given effectuality and validity. The Constitution protects the rich and the poor alike. No matter what the status or condition of a person may be, he is entitled to the constitutional protection which secures the liberty of the citizen. It protects the person fettered by poverty, blinded by *359 ignorance, tempted by hunger, and goaded by despair, to the same extent that it protects those living in a palace, sleeping upon soft beds, dressing in "purple and fine linen, and faring sumptuously" every day. The constitutional law knows no difference in the rights of citizens. Equal protection, under the law, is one of the corner stones of the American system of government, and experience admonishes us that these constitutional rights should be graven "with a pen of iron upon the rock forever." (Emphasis added.) (184 Miss. at 105, 106, 185 So. at 829.)
It is clear in this case that the officers making the affidavit had no information that an offense was being committed on the premises to be searched and that the information furnished was not based upon the personal knowledge of the informer. The underlying facts in this case are not sufficient for a detached and neutral magistrate to find probable cause existed to search appellant's residence.
It follows that the search was illegal; the evidence obtained thereby was not admissible; and that the trial court was in error in overruling appellant's objection to its admission. There being no other evidence upon which the conviction of the appellant can be sustained, the judgment of the circuit court will be reversed and the appellant discharged.
Reversed and rendered.
ETHRIDGE, C.J., and RODGERS, JONES, BRADY, PATTERSON, and SMITH, JJ., concur.
GILLESPIE, P.J., and ROBERTSON, J., dissent.
GILLESPIE, Presiding Justice (dissenting).
I respectfully dissent. Because of the decision in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), this is a close case. However, I believe the peculiar facts stated in the "underlying facts and circumstances" statement attached to the affidavit for the search warrant distinguish this case from Spinelli, supra. I am in accord with Mr. Justice Black in his dissent in Spinelli, supra, in which he said that the Supreme Court of the United States is moving rapidly, through complex analyses and obfuscatory language, toward holding that no magistrate can issue a warrant unless, according to some unknown standard of proof, he can be persuaded that the suspect-defendant is actually guilty of a crime. Spinelli, supra, makes it so difficult to obtain a search warrant that an officer cannot reasonably be expected to know what ought to be in the affidavit when the judges of the highest court in the land cannot agree on a standard. For this reason Spinelli, supra, ought to be followed only when it is precisely in point; provided the search was not in fact unreasonable when tested by common-sense standards.
ROBERTSON, J., joins in this dissent.