PATTERSON, Justice:
This is an appeal from the Circuit Court of Lowndes County wherein the appellant was convicted of possession of marijuana and sentenced to serve three years in the state penitentiary at hard labor and to pay a fine of $1000 plus all court costs. We affirm the verdict and remand for resen-tencing.
The record indicates that a reliable informer notified George Graves, officer in charge of the .regional narcotics unit in Columbus, that he had observed narcotics in an apartment (formerly Billie and Willie’s Old Steak House) and on one occasion had purchased narcotics from someone in the house.
Subsequent to receiving the above information, the house was placed under surveillance for two weeks. During this time heavy traffic was observed going to and from the house, and individuals leaving the dwelling were often witnessed in what appeared to be intoxicated conditions.
Based upon the informer’s testimony and the result of the surveillance, an affidavit *567 was presented to a magistrate which read as follows:
Information furnished by confidential informer who has furnished reliable information in the past. This house has been under surveillance by narcotic agent for the past two weeks and there has been an unusual amount of traffic both day and night. Agent has observed people leaving the house under intoxicated conditions that could have been caused by the use of marihuana. The confidential informer has purchased marihuana from this house for narcotic agent on past occasions.
A search warrant was granted and a search was conducted at 6:00 a. m. on September 27, 1971.
Upon approaching the house a young woman was observed looking through a picture window. As the uniformed police emerged from their vehicle, she darted to the rear of the house and the police made a quick entry. The appellant, defendant, age 23, having been awakened from sleep, was found in the rear bedroom with the young woman.
In searching the home a bag of marijuana was found on the top ledge of a window in the room in which the defendant had been sleeping. The defendant and his companion both testified that while they were aware of the presence of the plastic bag on the windowsill, they were informed it was catnip for the cat of the individual who leased the home.
The house in question was rented by one John Myers, or John Miles (both names appear in the record), but defendant, a recent Vietnam veteran, had moved some furniture owned by his father into the dwelling and was spending an average of three days a week there.
The defendant was charged with possession of marijuana and the jury found him guilty. He has appealed from that judgment.
The appellant argues on appeal that the affidavit for the search warrant was insufficient to provide the magistrate with enough underlying facts and circumstances upon which to base a decision concerning probable cause.
Probable cause is present “when the facts and circumstances within an officer’s knowledge, or of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it.” Strode v. State, 231 So.2d 779, 782 (Miss.1970).
Although appellant contends Barker v. State, 241 So.2d 355 (Miss.1970) is controlling, we feel the facts presented therein are distinguishable from those at bar. Barker held an affidavit which stated that a defendant had three marijuana cigarettes in his possession at an informer’s house which he gave to the informer’s wife at a time when the informer was not present some two weeks prior to the issuance of the search warrant, was not sufficient evidence to allow a detached and neutral magistrate to find probable cause for issuing a search warrant of the defendant’s home.
In Barker the informer did not communicate first-hand knowledge as here. In Barker the search was not conducted in the location where the contraband had been observed as here. Also, in Barker there was no continual surveillance of the searched location as in the present case.
We are of the opinion that the affidavit contained sufficient facts and underlying circumstances within the officer’s knowledge or of which he had reasonably trustworthy information to allow the magistrate to determine the existence of probable cause.
The appellant also argues that the State did not prove possession, either actual or constructive, of the contraband marijuana which was found in the home.
*568 The State presented evidence to indicate that while appellant may not have actually leased the apartment, he spent an average of at least three evenings a week there and had actually moved furniture from his father’s motel into the residence.
In addressing itself to the question of sufficiency of evidence to support a jury’s finding of possession, in Curry v. State, 249 So.2d 414, 416 (Miss.1971), the late Chief Justice Ethridge stated:
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of “possession” is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
The evidence in the present case was clearly sufficient to warrant a jury finding of possession.
We are of the opinion that all assignments of error are without merit and that the verdict was supported by competent evidence. We therefore affirm the verdict, but remand for resentencing in accord with Johnson v. State, 260 So.2d 436 (Miss.1972), wherein we held possession of marijuana to be a misdemeanor under the Mississippi Uniform Controlled Substances Act, Mississippi Code Annotated section 6831-70 (Supp.1971).
Affirmed and remanded.
GILLESPIE, C. J., and JONES, INZER and ROBERTSON, JJ., concur.