PATTERSON, Justice:
This is an appeal from the Circuit Court of Wayne County wherein Jefferson Hailes was convicted of unlawful possession of marijuana for which he received a sentence of two years in the state penitentiary.
In seeking to reverse the trial court’s decision, on appeal he contends that his motion to suppress the evidence resulting from the search of his automobile should have been sustained since there was not probable cause for the search and the sentence imposed was in excess of that authorized by law.
The record reveals the following facts relating to probable cause for the search. The Sheriff of Wayne County received information on two separate occasions concerning the appellant’s connection with marijuana. He received the first of these reports in the fall of 1970 from two informers from Clarke County who stated to him that they “knew he fooled with it . . . and he would bear watching.” Although one of the informers appeared to be a law enforcing officer, the sheriff nevertheless admitted that neither of them revealed any basis or any underlying facts of their personal knowledge of appellant’s marijuana-related activities. • The sheriff relied solely, therefore, on the character of these two men as to the credibility of their information.
The next report to the sheriff was received in January 1971 from three teenagers who all told of having seen Hailes with a marijuana cigarette at a local drive-in on one occasion. None of them detailed or in any way specified any relation of the marijuana to Hailes’ 1970 Pontiac Firebird automobile which was later searched.
Relying on the above information, the sheriff advised Joe Taylor, a Waynesboro city patrolman, to “be on the lookout for the boy and check him out”, giving him the defendant’s name and the description of his automobile.
On March 16, 1971, the appellant’s automobile was observed by Taylor coming toward Waynesboro upon a highway at a rapid rate of speed. Upon reaching the city limits, however, the automobile slowed to the lawful speed limit and proceeded into town. The patrolman followed the automobile for approximately three-quarters of a mile, stopped the vehicle and asked Hailes, the driver, for his operator’s license. The appellant first produced a friend’s license which he proclaimed to have borrowed, but quickly withdrew it and presented a valid renewal stub for his own license which apparently satisfied the officer’s inquiry since no arrest was made. Taylor then opened the automobile door and searched its interior. This quest disclosed one hand-rolled cigarette on the floor of the automobile. When queried about it, Hailes responded that the cigarette was a “Prince Albert”, whereupon the officer advised him to slow down and to be on his way. A subsequent analysis revealed the substance in the cigarette to be marijuana and Hailes was later arrested and charged with possession.
The issue is whether the trial court erred in denying the appellant’s motion to suppress the evidence produced by the search of the automobile. The question of “probable cause” for the search must be resolved.
The record does not disclose probable cause for the defendant’s arrest and in fact he was not arrested. We therefore assume the search did not emanate from an arrest. It appears settled that a search made without warrant and not incident to a lawful arrest is not illegal per se, but if the fruits of the search are to withstand the exclusionary rule, it must have been predicated upon probable cause. In Gardner v. State, 145 Miss. 210, 215, 110 So. 588, 589 (1926), we stated:
Whenever an automobile is searched without a warrant, there must be reasonable belief or probable cause for the search. The information must be of the *347 present, and the search and seizure made within a reasonable time after the information is received. In the case at bar the search was not made until about 90 days after the information had been given; and the information, as given, was rather uncertain and speculative, and we do not think that such information justified the search without a warrant, especially after such a length of time had elapsed after receiving it. Therefore there was not “sufficient probable cause to justify a search of the automobile without a warrant therefor.”
Of interest, McNutt v. State, 143 Miss. 347, 108 So. 721 (1926), and compare Moore v. State, 138 Miss. 116, 103 So. 483 (1925).
More recently in outlining what constitutes probable cause we stated in Barker v. State, 241 So.2d 355, 356 (Miss. 1970):
The two-part test of Aguilar [378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723] requires a magistrate to be informed of (1) some of the underlying circumstances from which the informer concluded that the defendant was the one guilty of the offense, and (2) some of the underlying circumstances from which the officer concluded that the informer was credible or his information reliable. In short, under the basis-of-knowledge test, the informer must have obtained his knowledge by personal observation or in some other dependable manner rather than through casual rumor. The second reliability test is an attempt to guard against tips provided by untruthful or unreliable informers, and suggests that an informer is credible if he has provided truthful tips in the past. .
The record is devoid of any suggestion that either the sheriff or the patrolman knew of any of the underlying facts or circumstances upon which the first reports to the sheriff were based. Neither is there any information whatsoever relating to the credibility or reliability of the informer or informers to satisfy the second part of the test outlined in Barker, supra. The information received by the sheriff in January also falls short of establishing probable cause, viewed in the light most favorable to upholding the search, since it in essence indicates only that on one occasion in the past the defendant had marijuana in his possession near his automobile. We concluded in Barker, supra, as follows:
To say that the fact that appellant had on one occasion had marijuana in his possession at a place other than at his residence was sufficient knowledge to find probable cause existed to search his residence would be absurd. These facts raise no more than a mere suspicion that appellant might have marijuana at his residence without anything else to cause his suspicion to ripen into a judgment that a crime was being committed on the premises. Suspicion without anything more is not sufficient to constitute probable cause under any standard. (241 So.2d at 357).
 It is contended by the State, however, that this search is similar to that conducted in Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and is therefore lawful. A review of Carroll, however, discloses that the officers who made the search on that occasion had much greater evidence for the existence of probable cause which stemmed from their personal investigation as well as that related to them. Since the existence of probable cause must be determined on a case-by-case basis, and by comparing the facts of this case to those in Carroll, we can only conclude that they do not measure up to that standard. We are of the opinion that the culmination of the reports relied on by the sheriff and the city patrolman did not constitute probable cause for the search of Hailes’ automobile and that the lower court erred in failing to suppress the evidence producd by the unwarranted search.
This evidence is essential to the case of the State. Without it no case remains. *348 The cause is therefore reversed and the defendant discharged. In view of the foregoing there is no necessity to comment on the other assignment of error.
Reversed and defendant discharged.
RODGERS, P. J., and INZER, ROBERTSON and SUGG, JJ., concur.