42 So.3d 53 (2010)
Roy Lee JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2009-KA-00499-COA.
Court of Appeals of Mississippi.
August 10, 2010.
*54 Edmund J. Phillips Jr., Newton, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. On March 19, 2009, Roy Lee Johnson was convicted of the crime of possession of a firearm by a convicted felon. Johnson was sentenced to ten years in the custody of the Mississippi Department of Corrections. On appeal, Johnson argues that the trial court erred when it denied his motion for a directed verdict and his motion to suppress. We find no error and affirm.

FACTS
¶ 2. On February 21, 2008, Donnie Adkins, Sheriff of Neshoba County, personally presented an affidavit for a search warrant to Justice Court Judge Steve Cumberland at the judge's home. The affidavit was in standard form and stated that Sheriff Adkins believed Johnson had committed the crime of "possession of controlled substance crack cocaine and *55 marijuana." Sheriff Adkins's underlying facts and circumstances in this matter stemmed from information supplied by a confidential informant, whom Sheriff Adkins deemed "creditable"; the information linked Johnson to contraband believed to be located at a mobile home. Paragraph two of the search warrant listed the person who was in control of the house or lived at the place to be served as "person or persons unknown." Sheriff Adkins later testified that although the warrant stated "person or persons unknown," he has always known Johnson to live in that particular mobile home.
¶ 3. On February 22, 2008, Sheriff Adkins; Officer Ralph Sciple, an investigator with the Neshoba County Sheriff's Department; and other investigating officers executed the search warrant at the mobile home. Sheriff Adkins testified that he announced himself, but no one immediately responded to his request to open the door. The law enforcement officers then opted to pry their way into the mobile home. Sheriff Adkins was the first official inside the mobile home. Once inside, Sheriff Adkins testified that Johnson was reclining on a couch inside the mobile home, and a female identified as Ava Ward was coming from one of the bedrooms. Sheriff Adkins observed at least ten pairs of shoes that Johnson admitted were his. No illegal drugs were found during the search of the mobile home.
¶ 4. Officer Sciple testified that he had seen a .22-caliber Remington rifle in plain sight on the opposite side of the mobile home. The rifle was leaning against a couch in a corner by the television. The rifle contained ten rounds of .22-caliber bullets. Sheriff Adkins testified that Johnson would have had enough time to get off the couch and use the rifle, but he did not; instead, Johnson cooperated with the law enforcement officers. Law enforcement officers checked the rifle's registration records, but they were unable to trace the legal owner. The investigating authorities were also unable to obtain any physical evidence linking Johnson to the rifle. No other evidence linking Johnson to the rifle was introduced into evidence at trial.
¶ 5. The relationship between Johnson, Ward, and the legal owner of the mobile home was not explored at trial. There was also a second bedroom, but the State did not introduce any evidence regarding its occupants or its contents. When asked about the second bedroom, Sheriff Adkins testified that he could not remember the contents of the second bedroom and could not speculate as to whether it was occupied. Officer Sciple testified that both bedrooms appeared to be occupied.
¶ 6. Officer Sciple testified that he had been to the mobile home on other occasions to question Johnson about events unrelated to this proceeding, and Johnson had been at the mobile home on each occasion. Officer Sciple clarified his lack of knowledge regarding paragraph two of the search warrant by acknowledging that he did not take out the search warrant and that he did not know where the warrant in question was being executed until he and the other law enforcement officers actually arrived at the mobile home. When asked if he knew two other possible residents of the mobile home, Moleto Johnson or Darrell Griffin, Officer Sciple testified that he had never known them to be at or live on the premises.

DISCUSSION

1. Whether the trial court erred in denying the motion for a directed verdict, in refusing the request for a peremptory instruction, and in denying the motion for a new trial.
¶ 7. Johnson's first issue attacks the sufficiency and weight of the evidence. This issue actually has two parts.
*56 ¶ 8. We begin with the argument that the trial court erred in denying the motion for a directed verdict or the request for a peremptory instruction. This challenges the legal sufficiency of the evidence. McMillan v. State, 6 So.3d 444, 447 (¶ 12) (Miss.Ct.App.2009). "[T]he critical inquiry is whether the evidence shows `beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crime existed, this Court will affirm the denial of a motion for a directed verdict. Id. But if the facts and inferences, so considered, "point in favor of the defendant on any element of the offense with sufficient force" that no reasonable juror could have found beyond a reasonable doubt that the defendant was guilty, then we must reverse and render. Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 9. Johnson was charged under Mississippi Code Annotated section 97-37-5(1) (Rev.2006), which makes it unlawful for a convicted felon to possess a firearm. Johnson could only be found guilty if the jury determined he was in possession of the .22-caliber Remington rifle. Johnson argues that the State failed to prove that he was in exclusive possession of the rifle.
¶ 10. Upon entering the mobile home, law enforcement officers found Johnson and the rifle. They did not testify that the rifle was in his actual possession. Instead, they testified that Johnson was reclining on the couch, approximately eight feet from the rifle. There was no testimony that Johnson attempted to reach for the rifle. There was no testimony regarding who actually owned either the mobile home or the rifle. The conviction depends on whether there was sufficient evidence to find that Johnson was in constructive possession of the rifle.
¶ 11. "Constructive possession allows the prosecution to establish possession of contraband when evidence of actual possession is absent. Constructive possession is established by evidence showing that the contraband was under the dominion and control of the defendant." Roberson v. State, 595 So.2d 1310, 1319 (Miss. 1992) (citing Vickery v. State, 535 So.2d 1371, 1379 (Miss.1988)). "[T]here must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular [contraband] and was intentionally and consciously in possession of it." Curry v. State, 249 So.2d 414, 416 (Miss.1971). In Ginn v. State, 860 So.2d 675, 685 (¶ 32) (Miss.2003), the supreme court ruled:
We have held that where contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband. Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband.
(Citation omitted).
¶ 12. We must examine the additional incriminating facts that connect Johnson to the rifle. All of the events took place in a single-wide mobile home. Sheriff Adkins testified that he was aware that he had previously interviewed Johnson at the mobile home. There was also evidence that Johnson resided in the mobile home; *57 Johnson admitted that he owned ten pairs of shoes, which were in one of the bedrooms. More importantly, Sheriff Adkins testified that the rifle was "eight feet" away from Johnson. No one else was in the room; Ward was walking down the hall. Thus, the crucial fact was that the rifle was just a little more than two steps from Johnson. The proximity of the rifle to Johnson was evidence that Johnson had dominion and control over it.
¶ 13. Viewing the evidence in the light most favorable to the State, there was sufficient incriminating evidence for a reasonable juror to find beyond a reasonable doubt that Johnson was in constructive possession of the rifle. Accordingly, we find that the circuit court did not abuse its discretion in denying Johnson's motion for a directed verdict and for the refusal to grant a peremptory instruction. This issue is without merit.
¶ 14. Next, Johnson's argument that the trial court erred in denying the motion for a new trial challenges the weight of the evidence. In Wilkins v. State, 1 So.3d 850, 854 (¶ 11) (Miss.2008), the supreme court held:
"A motion for new trial challenges the weight of the evidence. A reversal is warranted only if the trial court abused its discretion in denying a motion for new trial." ... [T]his Court set out the standard of review for weight of the evidence, stating:
when reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We have stated that on a motion for new trial:
... The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.
The evidence should be weighed in the light most favorable to the verdict.
(Internal citations omitted).
¶ 15. Viewing the evidence "in the light most favorable to the verdict," we do not find error in the trial court's decision. Accordingly, we find that the circuit court did not abuse its discretion in denying Johnson's motion for a new trial; thus, this issue is without merit.

2. Whether the trial court erred in denying the motion to suppress.
¶ 16. Johnson's argument on this issue is stated in its entirety as follows:
No contraband narcotics were not found inside the trailer when it was searched. The facts and circumstances portion of the [a]ffidavit for [s]earch [w]arrant includes only the following pertinent information:
A confidential informant that is known to Donnie Adkins and has given creditable information in the past told Donnie that he/she saw [c]rack [c]ocaine and [m]arijuana for sale and being used in a white trailer.
These allegations have two defects: the reliability of the information given in the past is not specifically asserted in that it is not shown what kind of information was given, and the information was described by the Sheriff as "creditable" rather than credible, accurate or reliable.
In the case before the Court the prior "creditable" information is not further described in the affidavit and the [S]heriff gave no further testimony to the *58 [M]agistrate. It may not have related to other crimes (it may have been a weather forecast). Since creditable and accurate are not synonymous, it may have been inaccurate. Credibility of search warrant confidential informants is an element of probable cause under the Fourth Amendment of the United States Constitution and under Mississippi Constitution, Article 3, Section 23 (1890). Barker v. State, 241 So.2d 355 (1970). Here it is not shown.
¶ 17. Johnson's argument hinges on the use of the word "creditable" instead of "credible." At trial, the following occurred:
BY MR. COLLINS [DEFENSE COUNSEL]: Your Honor, the definition of credible would be a definition that would be reliable, trustworthy, all those kinds of words. But, Your Honor, the word that appears in this affidavit, which is all the Judge has to rely on is creditable.
BY THE COURT: That's what I'm asking. Are you arguing c-r-e-d-i-t-a-b-l-e?
BY MR. COLLINS: Yes, sir. I'm arguing that that word means to give credit to the account of. It doesn't mean that it's reliable; it just means credit was given for it. That's my argument, Judge.
BY THE COURT: Well, I don't see how you can give credit without considering it being reliable when the affidavit states that information in the past has been reliable or credible. It has been evidence worth receiving and evidence established by the facts of the case. So I'm going to overrule your objection. Bring in the jury. I admire you for reaching where you can. That's a long arm argument there.
¶ 18. Judge Cumberland, who issued the warrant, testified at the suppression hearing that "[t]o me creditable would be someone that [t]he [affiant] has put trust in or has had dealings with in the past, and he felt that they were telling the truth in what they had told him would be my definition of creditable." Judge Cumberland understood the word "creditable" to be similar in meaning with "credible," "reliable," and "trustworthy." Further, Sheriff Adkins's affidavit said that he had received "creditable information in the past" from a confidential source who had personally observed the contraband which was the object of the search. This indicates Sheriff Adkins concluded that his informant was not just "creditable," but he or she was "credible," "reliable," and "trustworthy." We find no merit to the argument that the results of the search warrant should have been suppressed because the affidavit contained the word "creditable" instead of "credible." This issue lacks merit.
¶ 19. Next, we would normally move to the consideration of whether there was probable cause to issue the search warrant. Although, Johnson's brief cites us to the appropriate legal authority, Barker v. State, 241 So.2d 355 (Miss.1970), Johnson has provided no argument regarding how Barker was violated. Mississippi Rule of Appellate Procedure 28(a)(6) requires the appellant to provide the "contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." Here, Johnson has failed to do so. Accordingly, we find no merit to Johnson's argument.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL *59 COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
MYERS, P.J., BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., IRVING AND ISHEE, JJ. CARLTON, J., NOT PARTICIPATING.
LEE, P.J., dissenting:
¶ 21. With respect to the majority, I dissent. I find that there was insufficient evidence to support Roy Lee Johnson's conviction for possession of a firearm by a convicted felon; therefore, I would reverse and render.
¶ 22. The State was required to prove that Johnson was a convicted felon and that he was in possession of a firearm. See Miss.Code Ann. § 97-37-5(1) (Rev. 2006). As there is no evidence that Johnson had actual possession of the weapon, the State was proceeding under the theory of constructive possession. For that, "there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Curry v. State, 249 So.2d 414, 416 (Miss.1971). "Constructive possession may be shown by establishing that the [item] involved was subject to his dominion or control." Id. "Proximity is usually an essential element, but by itself is not enough in the absence of other incriminating circumstances." Gavin v. State, 785 So.2d 1088, 1093 (¶ 16) (Miss.Ct.App.2001).
¶ 23. Upon entering the mobile home, law enforcement officers saw Johnson inside the mobile home, but they did not see Johnson in physical possession of the rifle. Johnson was reclining on the couch, approximately eight feet from the rifle. Law enforcement officers testified Johnson did not attempt to reach for the rifle at any time that night. There was no testimony regarding who owned the rifle or the mobile home. There was no testimony concerning Ava Ward's presence in the mobile home. The State's case relied solely upon the presence of Johnson's shoes in the mobile home and the testimony of law enforcement officers who knew that Johnson sometimes stayed at that particular mobile home. In Gavin, this Court stated the following:
Being in a closed area such as a vehicle or a room with contraband does not by itself permit the inference of dominion and control. If the accused is the owner of the premises, or if he is the exclusive user for some extended period of time, or if there are additional incriminating circumstances, then the inferences might be permissible.
Id. at 1094 (¶ 21). Without other incriminating circumstances, I cannot infer that the rifle belonged to Johnson merely because law enforcement officers believed it to be true. I cannot find that the evidence proves beyond a reasonable doubt that Johnson was in possession of the rifle; thus, I would reverse and render.
KING, C.J., IRVING AND ISHEE, JJ., JOIN THIS OPINION.