536 So.2d 1340 (1988)
Ricky FLURRY and Edna Joye Flurry
v.
STATE of Mississippi.
No. 58093.
Supreme Court of Mississippi.
December 14, 1988.
Rehearing Denied January 25, 1989.
William T. Bailey, Sr., Lucedale, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Ricky Flurry and Edna Joye Flurry were jointly indicted, tried and convicted in the Circuit Court of George County, Mississippi, for manufacturing marijuana, and were each sentenced to five (5) years in the custody of the Mississippi Department of Corrections. They have appealed to this Court.

Facts
On June 26, 1985, Deputy Clyde Morris of the George County Sheriff's Department talked with an informant by the name of Terry Bonner. The informant told Deputy Morris that he had seen marijuana behind the shed at the rear of the defendants' home.
Based on this information, Morris went to a justice court judge that afternoon. The deputy relayed his information to the judge, and told the judge that the informant had given reliable information in the past. Also presented to the justice court judge was an affidavit for a search warrant and a facts and circumstances sheet. Based on those facts, the justice court judge found that probable cause existed for a search warrant and he issued the warrant.
Deputy Morris, the county sheriff and other county officials went to the Flurry property where the warrant was duly executed and nine (9) marijuana plants were seized. The plants were not found behind the shed, but were found at the end of a well-worn path leading from a garden plot a short distance into some trees. The plants were growing in black plastic pots, thus making them mobile.
Edna Joye Flurry, age 42, owner of the property, and her son Ricky Flurry, age 24, were arrested and charged with manufacturing marijuana. Both were subsequently indicted by the grand jury. A hearing was held on defendants' motion to suppress and the objections were overruled.
The trial was held August 5, 1986. Among the witnesses was Terry Bonner, the confidential informant for the State. He was called by the appellants, and his testimony in brief was to the effect that he saw the marijuana plants behind a shed on the Flurry property and he saw and heard appellant Ricky Flurry authorize and tell one Steve Watson to pull some leaves from the marijuana plants for Watson's own use. He offered no testimony connecting Edna Joye Flurry with the plants.

*1341 Law

Appellants have enumerated eight (8) assigned errors in the trial below. Nos. I, III, and IV relate to dismissing the indictment, either on demurrer or motions to dismiss. Nos. II and V relate to suppressing the evidence, which they claim was obtained by reason of a flawed search warrant. No. VI claims error in refusing thirteen (13) instructions, the argument there as to consisting of one-half page in the brief. All of these assigned errors are without merit and are rejected.
We consider assigned Errors VII and VIII which raise the question of whether or not the verdict of the jury as to the defendants was contrary to the overwhelming weight of the testimony.
The evidence reflects that Edna Joye Flurry, mother of Ricky Flurry, owned the property where the marijuana plants were found. The case against her is based solely upon constructive possession by reason of that ownership. Terry Bonner testified directly and positively that he saw appellant Ricky Flurry tell Steve Watson to pull marijuana leaves from the plant for Watson's own use. That testimony established that appellant Ricky Flurry was exercising the dominion and control over the marijuana plants and made out a prima facie case against him. In Pool v. State, 483 So.2d 331 (Miss. 1986), and Guilbeau v. State, 502 So.2d 639 (Miss. 1987), this Court said:
There must be sufficient facts to warrant a finding the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but it by itself is not adequate in the absence of other incriminating circumstances... . One who is the owner in possession of the premises is presumed to be in constructive possession of the articles found in or on the property. This presumption is rebuttable, however, and does not relieve the state's burden to prove guilt beyond a reasonable doubt. Thus, where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband.

483 So.2d at 336. (Emphasis added)
We have carefully reviewed the record in this case and conclude that the State failed to make out a prima facie case against appellant Edna Joye Flurry and that the judgment and sentence imposed against her should be reversed and that she should be discharged. We further conclude that the evidence constitutes an issue as to the guilt or innocence of appellant Ricky Flurry, which guilt issue was resolved against him by the jury. The judgment and sentence of appellant Ricky Flurry, therefore, is affirmed.
AFFIRMED AS TO APPELLANT RICKY FLURRY; REVERSED AS TO APPELLANT EDNA JOYE FLURRY AND SHE IS DISCHARGED.
HAWKINS, DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.