595 So.2d 1310 (1992)
Lewis Benjamin ROBERSON
v.
STATE of Mississippi.
No. 89-KA-0595.
Supreme Court of Mississippi.
February 26, 1992.
*1312 Robert D. Jones, Jordan & Jones, Meridian, for appellant.
Mike C. Moore, Atty. Gen., Patricia W. Sproat, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the court:
Lewis Benjamin Roberson was convicted by the Circuit Court of Lauderdale County, Mississippi, for the possession of cocaine with the intent to sell, barter, transfer, or otherwise dispense or deliver in violation of Miss. Code Ann. § 41-29-139(a)(1) (Supp. 1990). Roberson was sentenced to thirty (30) years in the Mississippi Department of Corrections, with five (5) years suspended and five (5) years on probation. Roberson was also fined $50,000.00.
Roberson assigns the following six errors:
1. The trial court erred in levying an excessive sentence, in violation of local custom, which denied Roberson an opportunity to present meliorative factors to the court, and which was disproportionate to other sentences given by the trial court;
2. The trial court erred in allowing into evidence inflammatory and prejudicial statements by State's witnesses;
3. The trial court erred in allowing Officer Buchanan's testimony as to alleged oral statements made by Roberson;
4. The trial court erred in denying Roberson's motion to suppress the fruits of the search warrant issued on September 19, 1987;
5. The trial court's conviction of Roberson was against the overwhelming weight of the evidence, and was unsupported by the evidence; and
6. The trial court erred in denying Roberson's post-judgment motions.
On the night of September 18, 1987, Officers Bobby Davis, Michael J. Hoadley, and Andrew Emerson of the Meridian Police Department, were engaged in the surveillance of Apartment C-9 at the Stratford Manor Apartments for suspected drug activity. Davis lived in the Stratford Manor Apartments and his apartment was approximately twenty-five feet east of Apartment C-9, and he had been watching Apartment C-9 from his apartment since September 3, 1987. Officer Davis saw a lot of men that he knew associated with drugs going in and out of the apartment. The only person Davis saw frequent the apartment was Lewis Roberson.
Davis had also seen Roberson at a "Super Stop" store, adjacent to Stratford Manor. A clerk of that store informed Davis that he suspected Roberson of being engaged in drug activity. Davis never actually saw Roberson do anything wrong at the "Super Stop" but because of these incidents Davis suspected drug activity and arranged surveillance of the apartment.
On the night of September 17, the three officers saw only one black male in the apartment. There was no other activity. On the night of September 18, the officers *1313 had been on the stake out for approximately three hours when they saw Joe Griffin enter Apartment C-9. When Griffin came out of the apartment and walked to his car, Emerson approached him and asked to search him. Griffin consented to the search and Emerson found four rocks of cocaine and placed Griffin under arrest.
Emerson alone or with Officer Hoadley (there was a conflict in this testimony at trial) went to obtain a search warrant and left Officer Davis to watch Apartment C-9. Davis knew that someone else was in the apartment after Griffin was arrested because the lights were on before Griffin arrived and went out after Griffin left. When Emerson returned with the warrant, Patrolman Warren Buchanan, a uniformed officer with the Meridian Police Department, was called in to execute the search warrant. Buchanan knocked on the door and when no one answered, he kicked the door in and the officers entered the apartment, with their guns drawn. Inside they found Roberson in bed asleep and they gave him the search warrant. The officers secured the apartment and began to search it.
The search was conducted by Buchanan, Hoadley, and Emerson. Davis was not present during the search, as he took Griffin to the police station. Buchanan found $5,530.00 in cash, and a gun under the dishwasher in the kitchen. He also found a notebook and a set of keys in the bedroom. Hoadley found a voter registration card in one closet with the name Lewis B. Roberson and an address of Pompano Beach, Florida. In another closet Hoadley found an average selection of clothes. In the kitchen Emerson and Hoadley found two bags containing 46 individual baggies of crack cocaine, a total of some 1200 rocks. Roberson was then arrested.
While the search was going on, the apartment received five to seven telephone calls. Emerson answered the calls and the person on the other end of the line each time asked for Lewis Roberson. Each time the person would hang up and call again. At trial Officer Emerson testified that he knew the person on the other end of the line and that his nickname was "Pooky," and that he was a known drug dealer.
Although Davis believed that Roberson lived in the apartment, an examination of the lease showed that Joe Griffin was the person living in Apartment C-9. None of the items seized were dusted for Roberson's fingerprints. An investigation showed that Roberson was in fact from Pompano Beach, Florida.
On April 19, 1989, the trial court heard motions to disclose evidence. One of the motions was for the prosecution to produce any oral or written statements made by Roberson before or after his arrest and the district attorney stated that there were none. The trial court ordered the district attorney to produce such a statement for the defense if one was later found to exist.
The trial court also considered a motion to suppress. Roberson argued that the search warrant stated that the place to be searched was controlled by subject or subjects known as alias "L.A." and that Roberson was not "L.A." He further pointed out that although the search warrant mentions an attachment, there was no attachment to it, and it was not seen by the magistrate who signed the warrant.
The prosecution responded that the underlying facts used simply did not have "attachment" written on it. Officers Davis, Hoadley, and Emerson were offered to connect the written instrument of underlying facts to the search warrant. Davis testified that the statement was in his handwriting and that it was the underlying facts of probable cause for the search warrant. Davis said that Hoadley went to get the search warrant and that Hoadley took the handwritten statement with him to the magistrate. The statement was prepared a day before the search took place and did not include any information about the arrest of Joe Griffin.
Hoadley and Emerson testified that they went to get the warrant, giving the handwritten statement of underlying facts and verbal testimony from Emerson about the arrest of Joe Griffin to the magistrate. The officers could not explain why no return was completed for the search.
*1314 The trial judge found that the search warrant was valid, and the motion to suppress was denied.
Roberson also argued a motion to dismiss or a demurrer challenging the validity of the indictment because it did not establish a connection between Roberson and the cocaine nor did it establish to whom he sold cocaine. The trial judge denied the motion, but did require the prosecution to specify what portion of the statute it sought to enforce against Roberson.
The trial began on April 27, 1989. During his testimony, Officer Davis frequently referred to people going in and out of the apartment where Roberson was arrested as "people known to associate with drugs." Roberson objected to the reference as being prejudicial, but the trial judge felt that it was relevant and more probative than prejudicial and overruled the objection.
During Hoadley's testimony, the prosecution asked him his opinion as to whether the amount of cocaine seized was for personal use or for resale. Roberson objected to that testimony arguing that it took the determination away from the jury, but the objection was overruled.
Officer Buchanan testified that upon the discovery of the money he asked Roberson how much money he had. He stated that when he asked Roberson if $5,000.00 sounded right, Roberson responded that it sounded about right. When he told Roberson the exact amount, Roberson responded that that sounded even better. This statement was not disclosed during discovery and came as a surprise to both Roberson and the State. However, Roberson did not object.
Roberson did not take the stand, but offered one witness, Yvonne Williams, who testified that Roberson was not "L.A." Williams also testified that Roberson resided in Pompano Beach, Florida, and that he would visit Meridian on occasion to meet his girlfriend, staying in Meridian from a couple of days to a week with different people.
The trial was concluded on April 28, 1989, and the jury returned with a verdict of guilty. To the surprise of both the State and Roberson, the trial judge, immediately after receiving the verdict, initiated the sentencing phase without the benefit of a sentencing report. The State recommended the maximum sentence. Roberson was not prepared to present any evidence for the sentencing phase. However, the trial judge proceeded to sentence Roberson to thirty (30) years in the custody of the Mississippi Department of Corrections, suspending five (5) of the years and ordering supervised probation for five (5) years after discharge from the custody of the Department of Corrections. Roberson was also fined $50,000.00.
On May 3, 1989, the trial court heard two post-trial motions, for a judgment notwithstanding the verdict or in the alternative a new trial, and for resentencing. The motion for new trial was based on the surprise disclosure of Roberson's oral statements, the alleged prejudicial remarks of some of the witnesses, and because the evidence did not give anything to the jury that would allow it to reasonably connect Roberson to the cocaine. Roberson also challenged the decision of the trial court to dispense with the sentencing report, provided for in Rule 6.02 of the Mississippi Criminal Rules of Circuit Court Practice, as being unduly harsh and improper. These motions were denied.

I.

THE TRIAL COURT ERRED IN LEVYING AN EXCESSIVE SENTENCE, IN VIOLATION OF LOCAL CUSTOM, WHICH DENIED THE APPELLANT AN OPPORTUNITY TO PRESENT MELIORATIVE FACTORS TO THE COURT, AND WHICH WAS DISPROPORTIONATE TO OTHER SENTENCES GIVEN BY THE COURT.
The imposition of sentence is in the discretion of the trial judge, Jackson v. State, 551 So.2d 132, 149 (Miss. 1989). Rule 6.02 of the Uniform Criminal Rules of Circuit Court Practice provides:

*1315 RULE 6.02 PRESENTENCE REPORT
Upon acceptance of a plea of guilty, or upon a finding of guilt, and where the court has discretion as to the sentence to be imposed, the court may direct the presentence investigator to make a presentence investigation report.
Presentence investigations are also provided for in Miss. Code Ann. § 47-7-9(3)(a) (Supp. 1990), which indicates that a presentence investigation is required only where the trial court requests it. The rule and the statute clearly establish the use of presentence investigations and reports are discretionary with the trial judge and are not mandatory. A defendant does not have a right to a presentence investigation. Katz v. King, 627 F.2d 568, 576 (1st Cir.1980). This assignment of error is without merit.

II.

THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE INFLAMMATORY AND PREJUDICIAL STATEMENTS BY THE STATE'S WITNESSES.
The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused. Johnston v. State, 567 So.2d 237, 238 (Miss. 1990). Prejudicial evidence that has no probative value is always inadmissible. McFee v. State, 511 So.2d 130, 134 (Miss. 1987). The cases cited by Roberson on his appeal are inapplicable as they deal with references to other crimes or acts.
Rule 403 of the Mississippi Rules of Evidence deals with the exclusion of relevant evidence if its probative value is outweighed by unfair prejudice. The rule requires that probative value of the evidence be weighed against unfair prejudice. The record indicates that the trial judge weighed whatever prejudicial effect the statements may have had against their probative value. The probative value of the statements by the officers is that there was evidence that drug transactions were going on from Apartment C-9 and that the cocaine was possibly possessed with the intent to sell. The trial judge did not abuse his discretion and this assignment of error is without merit.

III.

THE TRIAL COURT ERRED IN ALLOWING OFFICER BUCHANAN'S TESTIMONY AS TO ALLEGED ORAL STATEMENTS MADE BY ROBERSON.
Roberson challenges the admittance of the testimony of Buchanan as to oral statements by him on two fronts. One is that the statements were received in violation of the Fifth Amendment protection of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and the other is that the statement was not made available to him during discovery in violation of Rule 4.06, Unif.Crim.R.Cir.Ct.Prac. However, when the statement was related by Buchanan, no objection to the statement nor motion for mistrial was made by Roberson.

A. Miranda Violation
We have repeatedly held that a contemporaneous objection is necessary to preserve the right to raise an error on appeal. Where no objection is made, the error is deemed waived. McQuarter v. State, 574 So.2d 685, 688 (Miss. 1990). This rule places a burden on counsel to be prepared for trial and attentive to what occurs at trial.
Furthermore, Roberson apparently chose to forego objecting on the basis of the violation for strategy reasons, because Buchanan was questioned extensively about the circumstances of the statement on cross-examination and it is clear that counsel knew the statement occurred in violation of Miranda. There is no merit to the Miranda prong of this assignment.

B. Discovery Violation
Rule 4.06(a)(2) places upon the prosecution the duty to disclose to the defendant the existence of any written or recorded statements and the substance of any oral statement made by the defendant. *1316 Roberson was given no notice of the statement mentioned by Buchanan at trial and was surprised. The State contends it also was "surprised" and that it could not produce the evidence because it did not know about it. The fact that the prosecution had not actually heard the statement is irrelevant. Evidence in the custody of a member of the State's investigating team is attributable to the State. Carraway v. State, 562 So.2d 1199, 1204 (Miss. 1990); Fuselier v. State, 468 So.2d 45, 56 (Miss. 1985). Therefore, there was at least a technical violation of discovery.
In Cole v. State, 525 So.2d 365, 367 (Miss. 1987), we stated:
When faced with a discovery violation, technical or otherwise, the trial court should follow this procedure:
1) Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.
2) If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.
3) If the defendant does request a continuance the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.

Box v. State, 437 So.2d 19 (Miss. 1983) (Robertson, J., Specially Concurring). See also, Griffin v. State, 504 So.2d 186 (Miss. 1987); Watts v. State, 492 So.2d 1281, 1290 (Miss. 1986); Hall v. State, 490 So.2d 858, 859 (Miss. 1986); Gray and Nations v. State, 487 So.2d 1304, 1313-14 (Miss. 1986); Cabello v. State, 471 So.2d 332, 343 (Miss. 1985), cert. denied, 476 U.S. 1164, 106 S.Ct. 2291, 90 L.Ed.2d 732 (1986).
Cole, 525 So.2d at 367; Carraway v. State, 562 So.2d 1199, 1203 (Miss. 1990); Kelly v. State, 553 So.2d 517, 520 (Miss. 1989).[1] Failure to follow the Box guidelines is prejudicial error. Darghty v. State, 530 So.2d 27, 32 (Miss. 1988).
Before this procedure can be followed it is incumbent upon the defendant to make a timely objection. Nixon v. State, 533 So.2d 1078, 1090 (Miss. 1987). Here no objection was made. In light of the failure to timely object, this prong of the assignment of error is without merit.

IV.

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS THE FRUITS OF THE SEARCH WARRANT ISSUED ON SEPTEMBER 19, 1987.
Roberson basically argues that the magistrate did not have probable cause to issue the search warrant. His contention is that the affidavit offered to establish probable cause was defective because it was not attached to the affidavit at the time of the pre-trial motion and was not attached on September 19, 1987, and further because it only contained conclusory statements with few specific facts.
The standard of review here is whether there was a substantial basis for the magistrate's determination of probable cause. Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Lockett v. State, 517 So.2d 1317, 1324 (Miss. 1987); Harper v. State, 485 So.2d 1064, 1066 (Miss. 1986).
The affidavit issue was addressed by this Court in Bevill v. State, 556 So.2d 699 (Miss. 1990), wherein we stated:
An affidavit for a search warrant is a means of presenting to the issuing officer a basis upon which he may determine whether in fact probable cause exists. See, Powell v. State, 355 So.2d 1378 *1317 (Miss. 1978). In discussing probable cause for search warrants, it was held in Hall v. State, 455 So.2d 1303 (Miss. 1984), that "[p]robable cause [for the issuance of a search warrant] exists when facts and circumstances within an officer's knowledge or of which he has reasonable trustworthy information, are sufficient within themselves to justify a man of average caution in the belief that a crime has been committed and that a particular person committed it." 455 So.2d at 1304. See also, Holland v. State, 263 So.2d 566 (Miss. 1972) Probable cause, however means less than evidence which would justify condemnation. See, Hester v. State, 463 So.2d 1087 (Miss. 1985); Powe v. State, 235 So.2d 920 (Miss. 1970).
The United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), set a "totality of the circumstances" approach and stated, in determining whether probable cause existed for a particular search or issuance of a search warrant, the judge must scrupulously examine facts, make careful evaluation, and in his best judgment gleaned from life's experiences, determine whether he has a substantial basis for concluding probable cause existed. See also, Rooks v. State, 529 So.2d 546 (Miss. 1988); Breckenridge v. State, 472 So.2d 373 (Miss. 1985).
Bevill, 556 So.2d at 712.
If the information in the affidavit does not justify probable cause, the warrant is invalid. The affidavit must contain sufficient underlying facts to allow the issuing magistrate to determine whether probable cause does exist. But an affidavit lacking sufficient underlying facts and circumstances for probable cause, may be supplemented by oral testimony to establish probable cause. Hickson v. State, 512 So.2d 1, 3 (Miss. 1987); Lockett, 517 So.2d at 1324 (Miss. 1987).
In this case the underlying facts of the affidavit were contained in a handwritten statement by Davis on a separate sheet of paper in advance of the surveillance. That sheet of paper stated:
On Thursday, September 3 I was advised by the clerk in the Superstop store, PSD 46 Street that some type of transactions were being made by a particular Black male. She believed these transactions were dope deals being made on the premises of the Superstop store. As soon as we finished the conversation the Black male that she was speaking of came into the store, bought some cigarettes and got into the car with some other Black males. The clerk advised this routine was common. She said usually a Black male would use the telephone and shortly after, the suspect in question would arrive. The Police Dept. recently also received an observation request from another clerk that works at the same store during the early shift. She advised she witnessed small brown paper bags being transferred from one party to the other.
I, Officer Bobby Davis, reside in Stratford Manor, where the suspect also resides. I was advised by management that this individual was living in B-8 Apt., then recently moved to C-9. Based on eyewitness accounts and my own observation I would strongly state this individual is dealing in drugs (last word illegible).

Bobby Davis
This statement was carried to the magistrate and attached to the affidavit for the search warrant. The information in the statement does not mention the apartment, nor does it indicate that drugs were inside the apartment. Standing alone, these underlying facts are insufficient to support a search warrant for the apartment.
However, at the suppression hearing, Officers Hoadley and Emerson testified that verbal statements were given to the magistrate about their surveillance of Apartment C-9 and the arrest of Griffin after he left the apartment. Davis had informed Hoadley of what he had observed at the apartment. When we consider the information before the magistrate in the totality of the circumstances, the magistrate did have sufficient information to find probable cause *1318 to authorize the search of the apartment. This assignment of error is without merit.

V.

THE TRIAL COURT'S CONVICTION OF ROBERSON WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WAS UNSUPPORTED BY THE EVIDENCE.
In support of this argument Robertson asserts the indictment was defective, the instructions were inadequate, the trial court erred in denying his motion to dismiss, and that the circumstantial evidence was insufficient.
Concerning challenges to the legal sufficiency of the evidence, this Court said in McFee v. State, 511 So.2d 130 (Miss. 1987):
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence  not just that supporting the case for the prosecution  in the light most consistent with the verdict. We give [the] prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge is required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb. See, e.g., Gavin v. State, 473 So.2d 952, 956 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984).
McFee v. State, 511 So.2d at 133-34.

A. The Indictment
Roberson contends that the indictment failed to allege the violation of the proper statute and it did not acknowledge the amendment because it did not acknowledge the amendment to the statute by a supplement and did not identify a specific charge. The indictment stated that Roberson:
did willfully, unlawfully and feloniously and knowingly possess cocaine a schedule II controlled substance with intent to sell, barter, transfer or otherwise dispense or deliver to person or persons unknown to this Grand Jury.
The indictment also cited the statute as Miss. Code Ann. § 41-29-139, which the trial judge ordered the State to amend to identify the specific subsections. This amendment was made to list the specific subsection as § 41-29-139(a)(1).
Rule 2.05 of the Unif.Crim.R.Cir.Ct.Prac. has as its object to provide the defendant with notification in fact of the nature of the charge against him and out of what transaction or occurrence it arose. If it reasonably provides the accused with actual notice and includes the seven enumerated items then the indictment is sufficient. Armstead v. State, 503 So.2d 281, 283 (Miss. 1987). This indictment was not defective as it did provide Roberson with notice of the charge against him.

B. The Instructions
Roberson simply asserts that the instructions were inadequate as they incorrectly stated the law. No argument nor citation of authority supports Roberson's contention nor does he explain exactly why the instructions are inadequate.
We require that counsel not only make a condensed statement of the case but also support propositions with reasons and authorities in each case. Kelly v. State, 553 So.2d 517, 521 (Miss. 1989).
In reading the instructions provided by the trial court, they clearly and adequately instruct the jury on the law that governs the evidence in this case. Constructive possession and circumstantial evidence are adequately explained. Not only is the assignment barred, it is without merit.

*1319 C. Circumstantial Evidence

Only where a case is based wholly on circumstantial evidence must the State prove guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. Steele v. State, 544 So.2d 802, 808 (Miss. 1989). Roberson contends that the circumstantial evidence did not sufficiently establish that he constructively possessed the cocaine or that he had any intent to sell it.
Constructive possession allows the prosecution to establish possession of contraband when evidence of actual possession is absent. Constructive possession is established by evidence showing that the contraband was under the dominion and control of the defendant. Vickery v. State, 535 So.2d 1371, 1379 (Miss. 1988).
In Arnett v. State, 532 So.2d 1003 (Miss. 1988), we said:
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient fact to warrant a finding that the defendant was aware of the precedence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown establishing that the drug involved was subject to his dominion and control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Arnett, 532 So.2d at 1011-12, quoting Curry v. State, 249 So.2d 414 (Miss. 1971).
In addition, we have recently said in Pate v. State, 557 So.2d 1183 (Miss. 1990):
This Court, in Pool v. State, 483 So.2d 331 (Miss. 1986), further delineated the proof required when a conviction based part on elements of constructive possession.
"One who is the owner in possession of the premises... is presumed to be in constructive possession of the articles found in or on the property possessed." Id. at 432. This presumption is rebuttable, however, and does not relieve the State of its burden to prove guilt beyond a reasonable doubt. Id. Thus, "where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." Powell v. State, 355 So.2d 1378, 1379 (Miss. 1978). See also, Keys v. State, 478 So.2d 266, 268 (Miss. 1985).
483 So.2d at 336 [quoting Hamburg v. State, 248 So.2d 430, 432 (Miss. 1971)]. (Emphasis added).
Pate, 557 So.2d at 1184-85; See also, Flurry v. State, 536 So.2d 1340 (Miss. 1988).
While Roberson argues that he was simply in the wrong place at the wrong time, the evidence is sufficient to establish that he lived in the apartment and exercised dominion and control of the cocaine.
The intent to sell, or deliver contraband may be established by circumstantial evidence. Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981). Where the contraband is in an amount which a person could reasonably hold for personal use, other evidence of intent is necessary. Evidence of involvement in the drug trade is relevant on the issue of intent. Stringer v. State, 557 So.2d 796, 797 (Miss. 1990).
Here the evidence was that Roberson was in constructive possession of some 1200 rocks of cocaine. This cocaine was already packaged on 46 separate baggies. The officers found a little over $5,000.00 and a firearm hidden underneath a dishwasher. Officer Davis testified that he saw people coming and going from the apartment, and when Joe Griffin left the apartment and was arrested, four rocks of cocaine were seized from him.
This evidence is sufficient to establish that Roberson had the intent to sell the cocaine.

*1320 D. Motions to Dismiss

In considering motions to dismiss or motions for directed verdict on review, all evidence introduced by the prosecution is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and, if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled. Guilbeau v. State, 502 So.2d 639, 641 (Miss. 1987).
Here there was sufficient evidence to support the verdict. Therefore, the trial court properly denied the motion to dismiss. This assignment of error is without merit.

VI.

THE TRIAL COURT ERRED IN DENYING ROBERSON'S POST-TRIAL MOTIONS.
In his post-trial motions, Roberson requested resentencing, a judgment notwithstanding the verdict, and a new trial, asserting the issues that have already been discussed above.

A. Excessive Sentence
Roberson's sentence of thirty (30) years with five (5) years suspended and $50,000.00 is within the limits of § 41-29-139, and beyond the authority of this Court to disturb.

B. Judgment Notwithstanding the Verdict and New Trial
The standard of review for the denial of a motion for judgment notwithstanding the verdict is substantially similar to that used for directed verdicts. Gray v. State, 549 So.2d 1316, 1318 (Miss. 1989).
This Court will not order a new trial "unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Benson v. State, 551 So.2d 188, 193 (Miss. 1989).
The evidence in this case viewed in a light most favorable to the prosecution does not require the trial judge nor this Court to grant the motion. The evidence was of such quality and weight that the denial of the motions by the trial judge is beyond the authority of this Court to disturb. This assignment of error is without merit.
Roberson's conviction of possession of cocaine with intent to sell, barter, transfer, or otherwise dispense or deliver in violation of Section 41-29-139(a)(1) and his sentence of thirty (30) years in the custody of the Mississippi Department of Corrections with five (5) years suspended and five (5) years on probation and fine of $50,000.00 is Affirmed.
CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO SELL, BARTER, TRANSFER, OR OTHERWISE DISPENSE OR DELIVER IN VIOLATION OF SECTION 41-29-139(a)(1) AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE (5) YEARS SUSPENDED AND FIVE (5) YEARS ON PROBATION AND PAYMENT OF A FINE OF $50,000.00 IS AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, and DAN M. LEE, P.J.J. and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Though not in the rules at the time of trial, these guidelines were added to Unif. Crim.R.Cir.Ct.Prac. 4.06(i) in 1990.