DIAZ, J.,
for the Court:
¶ 1. Jerry Wiggins was convicted of capital rape and sentenced to twenty-five years in prison. From this conviction, he perfects his appeal to this Court and argues (1) that the evidence was insufficient to support a guilty verdict and that the jury’s verdict was against the overwhelming weight of the evidence, (2) that his attorney committed plain error by failing to have exculpatory documents admitted into evidence, and (3) that the trial court erred in allowing testimony based upon a discovery violation. Finding cause to reverse due to the discovery violation contained in Wiggins’s third assignment of error, we reverse and remand for a new trial in accordance with this opinion.
FACTS
¶ 2. Jerry Wiggins was indicted for the capital rape of his stepdaughter V.G. from the time that she was eight years old continuing until she was thirteen years of age. According to V.G., the abuse began one night when she asked Wiggins to help her with a homework assignment. V.G. testified that after Wiggins helped her with her school work, he picked her up, *873 put her on a table, and inserted his penis into her vagina. Shortly thereafter, V.G.’s mother walked into the room. Feeling suspicious, she asked her daughter what Wiggins had done to her. V.G. admitted to her mother that Wiggins had raped her. V.G.’s mother then reported the rape to the authorities and took V.G. to the Claiborne County Hospital. The charges were later dropped at the recommendation of V.G.’s mother.
¶ 3. According to V.G., Wiggins continued to rape her, and in 1993, V.G.’s mother again filed charges against Wiggins. However, due to constant teasing and ridicule by her classmates at school, V.G. asked her mother to drop the charges against Wiggins. V.G.’s mother filed charges against Wiggins a third time in January of 1995, and he was subsequently indicted for raping V.G. Following a jury trial, Wiggins was convicted of capital rape of a child under the age of fourteen. It is from this conviction that Wiggins now brings forth his appeal to this Court.
DISCUSSION
DID THE TRIAL COURT ERR IN ALLOWING TESTIMONY BASED UPON A DISCOVERY VIOLATION?
¶ 4. The trial transcript prepared in this case reveals three different documents upon which Dr. Barnes relied while testifying. The first document was his initial statement regarding his examination of V.G. The second document was the Report of Suspected Abuse of a Neglected Child which the welfare department required Dr. Barnes to prepare. Both of these documents stated that no semen was present in V.G.’s vagina. The third document contained laboratory results which verified that semen was indeed present in V.G.’s vagina.
¶ 5. Dr. Barnes testified on direct examination that V.G. had semen in her vagina, and on cross-examination, counsel for Wiggins asked Dr. Barnes to read a statement from the welfare department report which provided that no semen was found in V.G.’s vagina. Then on re-direct examination, the State elicited testimony from Dr. Barnes confirming that semen was present in V.G.’s vagina as verified by the laboratory report. Counsel for Wiggins objected to the testimony, stating that he had no laboratory results with which to confirm Dr. Barnes’s testimony. The trial judge overruled Wiggins’s objection and allowed the prosecutor to continue.
¶ 6. On appeal, Wiggins argues that the State failed to provide the defense with the laboratory report which verified the presence of semen in V.G.’s vagina and that the trial court committed reversible error in allowing Dr. Barnes to testify from that report. Wiggins complains that he submitted a comprehensive discovery request to the State prior to trial, specifically asking for all laboratory reports taken in connection with the investigation or preparation of Wiggins’s case and that the State’s failure to provide the report prejudiced his defense.
¶ 7. In his concurring opinion in Box v. State, 437 So.2d 19, 23-24 (Miss.1983), Justice Robertson suggested the following guidelines for trial judges to use when dealing with discovery violations:
1) Upon defense objection, the trial court should give the defendant a reasonable opportunity to become familiar with the undisclosed evidence by interviewing the witness, inspecting the physical evidence, etc.
2) If, after this opportunity for familiarization, the defendant believes he may be prejudiced by lack of opportunity to prepare to meet the evidence, he must request a continuance. Failure to do so constitutes a waiver of the issue.
3) If the defendant does request a continuance, the State may choose to proceed with trial and forego using the undisclosed evidence. If the State is not willing to proceed without the evidence, the trial court must grant the requested continuance.
*874 Roberson v. State, 595 So.2d 1310, 1316 (Miss.1992). The Mississippi Supreme Court continues to follow these guidelines and has stated that the failure to follow them is “prejudicial error, requiring reversal and remand.” Duplantis v. State, 644 So.2d 1235, 1250 (Miss.1994); See also Ramos v. State, 710 So.2d 380 (¶23) (Miss.1998).
¶ 8. The laboratory report at issue in this case verified the presence of semen in V.G.’s vagina and was thus relevant to determining Wiggins’s guilt. As such, the State had a duty to provide the document to Wiggins. Likewise, the trial court had a duty to make sure Wiggins’s defense was not prejudiced by the State’s failure to abide by the discovery rules. When counsel for Wiggins objected to Dr. Barnes’s testifying from the laboratory report on the basis that the State had failed to provide the document during discovery, the trial judge should have immediately referred to the Box guidelines for the proper procedure in handling discovery violations. His failure to do so was prejudicial error, requiring reversal and remand for another trial.

Sentencing

¶ 9. Should Wiggins be convicted at the conclusion of his new trial, we would caution the trial judge to carefully consider the sentencing guidelines provided in Section 97-3-65(1) of the Mississippi Code Annotated (Rev.1994)[1] Lthe statute under which Wiggins was indicted. According to the statute, “Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen (14) years, upon conviction, shall be sentenced to death or imprisonment for life in the State Penitentiary....” Miss.Code Ann. § 97-3-65(1) (Rev.1994) (emphasis added). This provision leaves no discretion to the trial court; nevertheless, in his initial trial, Wiggins was sentenced to a term of only twenty-five years in prison.
¶ 10. The legislature has established the maximum and minimum sentences to be imposed upon convicted criminals, and it is the duty of the judiciary to impose sentences authorized by the legislature. Lanier v. State, 635 So.2d 813, 816 (Miss.1994). “It is well established that a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal.... ” Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947). Accordingly, we would urge the trial judge to sentence all convicted criminals within the guidelines provided by statute.
1Í11. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED AGAINST CLAIBORNE COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, KING, and SOUTHWICK, JJ., CONCUR.
PAYNE, J., concurs with separate written opinion, joined by THOMAS, P.J.
IRVING and LEE, JJ., not participating.

. We recognize that an amendment, effective July 1, 1998, rewrote this section; however, should Wiggins be convicted, he shall be sentenced under the statute in effect at the time of the commission of this crime.