**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 10, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60115
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MELVIN WICKS,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:03-CR-56-P

_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Melvin Wicks entered a conditional guilty plea to drug

trafficking and firearm crimes.  He reserved the right to

challenge the denial of a motion to suppress evidence seized in a

search of his home.  Pursuant to the conditional plea, Wicks

appeals his conviction and contends that the search was invalid

because the warrant lacked sufficient particularity regarding the

items to be seized, and was not supported by probable cause.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wicks contends that the defects in the warrant and its supporting affidavit were so apparent and egregious that the "good faith" exception to the exclusionary rule does not apply.[1]  In addition, Wicks argues that the failure of the officers to serve the warrant at the time of the search invalidated the search warrant under Mississippi law and merits reversal and suppression.  We affirm.

Without reaching the question of whether the warrant was otherwise valid, we decide that the evidence was properly admitted under the good faith exception.[2]  The Fourth Amendment does not require suppression of evidence obtained through a deficient search warrant if a law officer "acting with objective good faith has obtained [the] warrant from a judge or magistrate and acted within its scope."[3]  The good faith exception applies unless: (1) the issuing judge was misled by information in an affidavit that the affiant knew to be false or would have been known except for a reckless disregard for the truth; (2) the issuing judge wholly abandoned his neutral judicial role; (3) the warrant was based on an affidavit so lacking in indicia of probable cause as to render faith in it entirely unreasonable; or (4) the warrant is so facially deficient that the executing

---

[1] *See United States v. Leon*, 468 U.S. 897, 923 (1984).

[2] *See United States v. Davis*, 226 F.3d 346, 350-51 (5th Cir. 2000).

[3] *Leon*, 468 U.S. at 920 (footnote omitted).

officers cannot reasonable presume it to be valid.[4]

Wicks asserts that the warrant and the supporting affidavit fail under each point. These assertions, however, are not substantiated by the facts of the case. Wicks fails to offer any evidence to support his contentions that the affiant, Officer Byrd, misled the issuing magistrate and that the magistrate abandoned his neutral role. These issues are waived by Wick's failure to properly brief them.[5] In addition, Wicks' assertion that the warrant was facially deficient due to its lack of particularity as to the items to be seized cannot be sustained in light of the detailed list of seizable items incorporated by the warrant and the accompanying affidavit. Taken together, these documents permitted the executing officers to reasonably know what items to seize, providing adequate particularity to satisfy the good faith exception.[6] Finally, the affidavit supporting the warrant provided a sufficient indicia of probable cause, particularly in light of Officer Byrd's additional oral testimony

---

[4] *Id*. at 923; *United States v. Foy*, 28 F.3d 464, 473 n.20 (5th Cir. 1994).

[5] *See American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) ("Failure to provide any legal or factual analysis of an issue results in waiver.").

[6] *See United States v. Cherna*, 184 F.3d 403, 410-13 (5th Cir. 1999) (crediting reliance on warrant that failed to incorporate affidavit on its face); *United States v. Beaumont*, 972 F.2d 553, 560-62 (5th Cir. 1992).

before the issuing magistrate.[7]  Therefore, the good faith exception applies.

Wicks also contests the district court's ruling on grounds that the searching officer's failure to serve him with the warrant rendered the search fatally defective under Mississippi law.  This argument must fail, however, because the proper standard for determining the application of the exclusionary rule in federal court in a case involving a federal offense is the Fourth Amendment, not state law.[8]  The failure to deliver a copy of a search warrant until the day after a search will not mandate suppression under the Fourth Amendment absent a showing of prejudice.[9]  Wicks has presented no evidence tending to show that his delayed receipt of the search warrant prejudiced him in any

---

[7]*See United States v. Cisneros*, 112 F.3d 1272, 1278 (5th Cir. 1997) (officers may in good faith rely on a warrant supported by more than a "bare bones" affidavit); *Roberson v. State*, 595 So.2d 1310, 1317 (Miss. 1992) (affidavit may be supplemented with oral testimony to produce probable cause); *United States v. Hill*, 500 F.2d 315, 321 (5th Cir. 1974) (constitution does not mandate that sworn statement in support of a search warrant be reduced to writing).

[8]*See United States v. Walker*, 960, F.2d 409, 415 (5th Cir. 1992) ("The question that a federal court must ask when evidence secured by state officials is to be used as evidence against a defendant accused of a federal offense is whether the actions of the state officials in securing the evidence violated the Fourth Amendment to the United States Constitution."); *United States v. Eastland*, 989 F.2d 760, 766 (5th Cir. 1993) (reasonableness of search under the Fourth Amendment not dependent upon state law).

[9]*See United States v. Marx*, 635 F.2d 436, 441 (5th Cir. Unit B Jan. 1981).  Mississippi law is similar to federal law in this respect; therefore, suppression would be inappropriate in this case even if state law applied.  *See State v. Williams*, 583 So.2d 620, 624-25 (Miss. 1991).

way.

The judgment of the district court is

AFFIRMED.