950 So.2d 1104 (2007)
Augustine JARAMILLO, Jr. a/k/a Augustin Jaramillo, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01708-COA.
Court of Appeals of Mississippi.
March 6, 2007.
*1105 Craig A. Conway, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Augustine Jaramillo was found guilty by a jury and convicted of possession of cocaine with intent to distribute and the lesser-included charge of possession of cocaine in violation of Mississippi Code Annotated § 41-29-139 (Rev.2005). Jaramillo was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, ordered to pay restitution of $300 to the crime laboratory, and fined $50,000. Jaramillo appeals, asserting trial court error in the following issues:
I. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S PRE-TRIAL MOTION TO SUPPRESS WHEN THERE WAS NO ARTICULABLE RATIONALE TO SEARCH APPELLANT'S VEHICLE.
II. DID THE COURT ERR IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT, MOTION TO DISMISS, AND MOTION FOR A NEW TRIAL AND/OR JUDGMENT NOTWITHSTANDING THE VERDICT AS THE GUILTY VERDICT WAS NOT SUPPORTED BY THE EVIDENCE?

FACTS
¶ 2. On November 4, 2004, Officer Scott Paxson initiated a traffic stop on Interstate 20 in Lauderdale County after observing a white truck bearing a California license plate swerve abruptly, causing the vehicle to cross the fog line and enter the shoulder of the interstate. As a result, Officer Paxson initiated a traffic stop of the white truck, driven by Jaramillo. While initiating the traffic stop, Officer Paxson relayed the driver's tag information to his police dispatcher. Officer Paxson then questioned Jaramillo regarding the ownership, insurance and registration of the truck. Jaramillo appeared nervous to the officer and his hands shook when he handed the officer the title, registration, and insurance papers. The officer then asked Jaramillo about his itinerary and destination. Jaramillo responded that he was returning to North Carolina after a week long stay in California where he was visiting a cousin. He went on to explain that he flew to California, purchased the truck from a salvage yard and was driving back to North Carolina. When the officer questioned him regarding the airline he used to fly to California and his cousin's name, Jaramillo hesitated before answering "Southwestern" and "Josie." When the police dispatcher relayed the tag information results, the tag information revealed that the truck Jaramillo was driving was purchased over a month before the date of the traffic stop.
*1106 ¶ 3. At this point in the traffic stop, Officer Paxson decided to perform a license check. While awaiting the results of the license check, Officer Paxson continued to converse with Jaramillo. Jaramillo then told the officer that he had been in California for a fifteen day stay and gave the officer inconsistent answers as to his ownership of the vehicle he was driving. Officer Paxson then asked Jaramillo for consent to search his vehicle. Jaramillo obliged to the officer's request to search the vehicle and Officer Paxson retrieved his trained narcotics-detecting canine from his police car and walked the dog around the exterior of Jaramillo's truck. After Officer Paxson's dog exhibited a strong interest in a possible odor of narcotics inside the vehicle, Officer Paxson returned the dog to his car and contacted Officer Read, who was already en route to the scene, along with his trained canine. Once Officer Read arrived on the scene with his narcotics-detection dog, the canine was led around the exterior of the vehicle and the dog gave a positive alert. Subsequent to the alert, the officers searched the vehicle and discovered over 4.9 kilograms of cocaine hidden in a compartment in Jaramillo's vehicle. Jaramillo was arrested for possession of cocaine with the intent to distribute.

DISCUSSION
I. DENIAL OF JARAMILLO'S MOTION TO SUPPRESS

STANDARD OF REVIEW
¶ 4. In criminal appeals, a presumption of correctness attaches to any ruling by the trial court. Carr v. State, 770 So.2d 1025, 1027(¶ 7) (Miss.Ct.App. 2000) (citing Hansen v. State, 592 So.2d 114, 127 (Miss.1991)). When reviewing a trial court's ruling on a suppression hearing, we must assess whether substantial credible evidence supports the trial court's finding, considering the totality of the circumstances. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App.1999) (citing Magee v. State, 542 So.2d 228, 231 (Miss.1989)). The admissibility of evidence lies within the trial court's discretion and will only be reversed if this discretion is abused. Crawford v. State, 754 So.2d 1211, 1215(¶ 7) (Miss.2000).

ANALYSIS
¶ 5. Jaramillo argues that the trial court erred by failing to exclude from evidence the cocaine seized because the evidence was obtained in violation of his Fourth Amendment right against an unreasonable search and seizure. According to Jaramillo, law enforcement officials obtained the cocaine through an illegal, warrantless dog sniff search of the truck without consent or probable cause. He further asserts that in order for a narcotics-trained canine to be allowed to perform a sniff, there must first exist reasonable and articulable suspicion. He asserts, therefore, the introduction of the fruit born from the search violated his rights against illegal search and seizure. See Wong Sun v. United States, 371 U.S. 471, 485-86, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
¶ 6. We first address Jaramillo's argument that the search of his vehicle was without consent. At the hearing on Jaramillo's motion to suppress, Officers Paxson and Read and Agent Lea testified without contradiction that Jaramillo gave free and voluntary consent to search his vehicle. The trial judge found that Jaramillo's consent, alone, was dispositive of the motion to suppress. However, the trial judge went on to find that sufficient probable cause was established so as to uphold the constitutionality of the stop of the vehicle, as well as the later search of the vehicle and seizure of the cocaine found within.
*1107 ¶ 7. Jaramillo's next contention, that the dog-sniff search was performed without probable cause in violation of the Constitution, is thwarted by the United States Supreme Court decision of Illinois v. Caballes, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). Even without reasonable, articulable suspicion, the performance of a dog sniff of the outside of a vehicle by a trained canine during a routine, valid traffic stop is not a violation of one's Fourth Amendment rights against unreasonable searches and seizures. Had the traffic stop been prolonged unreasonably for the purpose of a canine sniff, Jaramillo may have been able to challenge the constitutionality. But, Jaramillo does not contend that the Fourth Amendment violation against him occurred due to an extension of the time he was stopped. He contends, rather, that his rights were violated by the use of the drug detecting dogs in the search.
¶ 8. The Supreme Court of the United States has spoken to the issue of the use of drug dogs during the course of a traffic stop. Caballes, 543 U.S. 405, 125 S.Ct. 834. The Supreme Court held that "the use of a well-trained narcotics-detection dogone that `does not expose noncontraband items that otherwise would remain hidden from public view'during a lawful traffic stop, generally does not implicate legitimate privacy interests." Id. at 409, 125 S.Ct. 834 (quoting United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)). Notwithstanding the uncontested fact that Jaramillo consented to the search of his vehicle during the traffic stop, we find that the use of narcotics-detection dogs during a stop based on probable cause did not violated the Fourth Amendment to the United States Constitution. We, therefore, uphold the decision of the trial court in denying Jaramillo's motion to suppress.
II. DENIAL OF MOTIONS FOR DIRECTED VERDICT, NEW TRIAL, AND TO DISMISS
¶ 9. Jaramillo asserts that the trial court erred in denying his motions for a directed verdict, for a new trial, and to dismiss all charges. Motions for directed verdict challenge the legal sufficiency of the evidence and we will reverse only when the evidence is such that "reasonable and fair-minded jurors could only find the accused not guilty." McClain v. State, 625 So.2d 774, 778 (Miss.1993). Motions for a new trial challenge the weight of the evidence presented to the jury, and we will only reverse if we find that the lower court abused its discretion in denying the motion. Dilworth v. State, 909 So.2d 731, 737 (¶ 20) (Miss.2005). "In considering a motion to dismiss, the trial judge should consider `the evidence fairly, as distinguished from in the light most favorable to the plaintiff,' and the court should dismiss the case if it would find for the defendant." Michael v. State, 918 So.2d 798, 803 (Miss. Ct.App.2005) (quoting C.T. v. R.D.H. (In re D.N.T.), 843 So.2d 690, 710-11 (¶ 50) (Miss.2003) (quoting Century 21 Deep S. Properties, Ltd. v. Corson, 612 So.2d 359, 369 (Miss.1992))). "[A]ll evidence introduced by the prosecution is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and, if there is sufficient evidence to support a verdict of guilty, the motion . . . must be overruled." Odem v. State, 881 So.2d 940, 945(¶ 15) (Miss.Ct.App.2004) (citing Roberson v. State, 595 So.2d 1310, 1320 (Miss.1992)).
¶ 10. The trial judge denied Jaramillo's motion for directed verdict ruling that the State had offered sufficient proof that Jaramillo was in possession with intent of the requisite amount of cocaine in violation of our controlled substance law. In our review of the trial court's denial of motions *1108 for directed verdict and JNOV, we must consider whether a fair-minded juror could find Jaramillo guilty based upon the evidence that the State put forward showing that the accused committed the acts he is charged with.
¶ 11. In this case, the State's evidence consisted of several exhibits entered into evidence, as well as included testimony from Officers Paxson and Chris Read, Agents Greg Lea and Anthony Ball, and a forensic scientist. Officers Paxson and Read testified as to their involvement in discovering the cocaine hidden in the vehicle driven by Jaramillo. Agents Lea and Ball testified as to their involvement in the processing of the case against Jaramillo. The forensic scientist testified as to the compilation of the substances found to be cocaine that were discovered in Jaramillo's vehicle.
¶ 12. Based on the record before this Court, we find that the trial court did not err in denying Jaramillo's motions for a directed verdict, for a new trial, or to dismiss all charges. The jury considered the evidence and returned a verdict against Jaramillo. We find that there was sufficient evidence to find Jaramillo guilty. Further, based on the evidence before the jury, we find no error in the trial court's denial of Jaramillo's motion for a new trial. The jury sits as the fact-finder and determines the credibility of the witnesses and gives value to the weight of the evidence against the accused. Ward v. State, 881 So.2d 316, 323 (¶ 31) (Miss.Ct.App.2004). In viewing the evidence in the light most favorable to the verdict, we find that a reasonable juror could have found Jaramillo guilty of possession with intent based on the evidence presented. Therefore, the verdict was not so contrary to the weight of the evidence or manifest error so that to allow it to stand would sanction an unconscionable injustice, which is the standard required for this Court to disturb the jury's verdict on appeal.
¶ 13. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND $300 RESTITUTION TO BE PAID TO THE CRIME LAB, AND A FINE OF $50,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.